T.C. Summary Opinion 2006-30

UNITED STATES TAX COURT

SCOTT LYND SYMONDS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8819-04S.               Filed February 21, 2006.

Scott Lynd Symonds, pro se.

Luanne S. DiMauro, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $3,125 for the taxable year 2001.

The issues for decision are: (1) Whether petitioner is entitled to claim a dependency exemption deduction for AH;[1] and (2) whether petitioner is entitled to head-of-household filing status for taxable year 2001.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New Haven, Connecticut, on the date the petition was filed in this case.

Sometime before 1995, petitioner and Marilee Peterson (Ms. Peterson), formerly known as Marilee Herrera, began a romantic affair. Petitioner and Ms. Peterson never married. During the course of their relationship, Ms. Peterson gave birth, in 1995, to a child, AH. Sometime in 1996, petitioner and Ms. Peterson ended their romantic affair and moved into separate residences. Petitioner and Ms. Peterson have lived separately at all times since their romantic relationship ended.

Because of a custody dispute between petitioner and Ms. Peterson regarding AH, the Superior Court of the Judicial District of New Haven, Connecticut, entered an Order on November

---

[1]The Court uses only the minor child's initials.

9, 1999, resolving the custody dispute.  The Order provides, in

pertinent part, as follows:

> The Court orders joint legal custody of the minor child [AH]
> to both the Mother [Ms. Peterson] and Father [petitioner]
> with residential custody awarded to the Mother.  The Court
> orders all major decisions concerning the child
> (educational, medical, and the like) are to be made only
> after full consultation with both parents.  The Father's
> visitation is to begin at 8:00 am Tuesday until 5:00 pm
> Thursday.  Starting next fall 2000 the Father can pick up
> the minor child after school on Mondays with the same 5:00
> pm Thursday drop off.  Each parent is to have 2 weeks
> uninterrupted in the summer alternating first choice.  The
> Mother gets first choice this summer 2000 and in even years
> from there-on.  The Court adopts Attorney Wallace's proposed
> orders with respect to Holiday visitation schedule.  The
> Court orders the Father to pay $98.00/week child support in
> accordance with the child support guidelines.  The Mother is
> to maintain medical insurance for the child.  The Mother is
> to pay the first $100 of unreimbursed medical costs and the
> Father is to pay 44% of the remaining balance of
> unreimbursed medical costs.  If the Mother loses or changes
> employment and her medical benefits, the Father is to pick
> up medical coverage through his employment if available.  *
> * *

Attorney Wallace's proposed orders with respect to a holiday

visitation schedule provides, in pertinent part, as follows:

> Now comes the Guardian ad Litem for the minor child and
> hereby say:
>
> 1.   This GAL was appointed to represent * * * [AH].  After
> investigation by the GAL, the GAL respectfully requests the
> following orders:
>
>     *     *     *     *     *     *     *
>
> C.   The following holidays will be alternated;
>
>     i.     Halloween and Thanksgiving;
>
>     ii.    Christmas Eve 1999 from 5 p.m. to 10 a.m.
> Christmas day child will be with mother the rest

of the day the child shall be with Father until 7:00 p.m.;

iii.   On Christmas Eve 2000, the child will be with father at the same times child was with mother during Christmas Eve and Christmas Day of 1999 and shall alternate thereafter;

iv.    Easter, Memorial Day, Labor Day, and New Year's Day shall be with mother, unless holiday falls on regular scheduled time with father;

v.     4th of July with father;

vi.    Father's Day with father;

vii.   Mother's Day with mother;

viii.  Each parent will have at least two weeks vacation with child.  * * *

During taxable year 2001, pursuant to the 1999 Order of the Superior Court in New Haven, Connecticut, petitioner had physical custody of AH from 3 p.m. on Mondays until 5 p.m. on Thursdays. Petitioner had physical custody of AH for 3,848 hours during the taxable year 2001.  Ms. Peterson had physical custody of AH for 4,912 hours during the year at issue.

On or about April 14, 2002, petitioner filed his Form 1040, U.S. Individual Income Tax Return, for the 2001 taxable year.  In the 2001 return, petitioner filed as a head-of-household and claimed a dependency exemption deduction for AH.  There was no attachment regarding any waiver or declaration, such as a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, executed by Ms. Peterson stating that she was releasing her claim to exemption of AH.  Ms. Peterson did not

sign a Form 8332 or a statement conforming to the substance of Form 8332 for the 2001 taxable year.

Subsequently, respondent issued a notice of deficiency to petitioner in which respondent disallowed petitioner's claimed dependency exemption deduction for AH and changed petitioner's filing status from head-of-household to single.

## Discussion[2]

### 1. Deduction for Dependency Exemption

Section 151 allows as a deduction an exemption for each dependent of the taxpayer. See sec. 151(c). Section 152(a)(1) defines the term "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer or is treated under section 152(e) as received from the taxpayer.

In the case of a child whose parents have lived apart at all times during the last 6 months of the calendar year, section 152(e)(1) provides as a general rule that the child shall be treated as receiving over half of his or her support from the custodial parent.

Petitioner argues that section 152(e) does not apply in the present circumstance. Instead, he argues that section 152(a)

---

[2]We decide the issues in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

applies to his situation.  Petitioner bases his argument on the fact that he has never been divorced nor legally separated from Ms. Peterson.

However, petitioner is mistaken.  Section 152(e)(1)(A)(iii) applies to any parents, regardless of marital status, where the parents "live apart at all times during the last 6 months of the calendar year" and, pursuant to section 152(e)(1)(B), the child is in the custody of one parent for more than one-half of the calendar year.  King v. Commissioner, 121 T.C. 245, 250-251 (2003).  Therefore, even though petitioner has never been divorced or legally separated from or married to Ms. Peterson, on the basis of his testimony that he lived separately from Ms. Peterson for the entire taxable year 2001, section 152(e)(1)(A)(iii) controls here.  With this proposition in mind, we must determine whether petitioner or Ms. Peterson was the custodial parent in taxable year 2001.

Section 1.152-4(b), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree" if there is one in effect.  In the event of so-called split or joint custody, "'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."  Id.

In the present case, the 1999 Order of the Superior Court in New Haven, Connecticut, is the most recent pronouncement on the

custody of AH, and it provides for joint custody with residential custody awarded to Ms. Peterson.  Further, the parties have stipulated that Ms. Peterson had physical custody of AH for more than half of the taxable year 2001.  Therefore, Ms. Peterson was the custodial parent in 2001, and petitioner was the noncustodial parent.

Section 152(e)(2) provides an exception to the general rule of section 152(e)(1).  Pursuant to that exception, the child shall be treated as receiving more than half of his or her support from the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

The declaration required by section 152(e)(2)(A) must be made either on Form 8332 or on a statement conforming to the substance of that form.  Miller v. Commissioner, 114 T.C. 184, 189 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  To meet the requirements of section 152(e)(2), the written declaration, if not made on the official form provided by the Internal Revenue Service (IRS), "shall conform to

the substance of such form." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.

In the present case, Ms. Peterson, as the custodial parent, did not sign a Form 8332 or any written declaration or statement agreeing not to claim the exemption for AH, and no such form, declaration, or statement was attached to petitioner's tax return for the year in issue.

The law is clear that petitioner is entitled to the child dependency exemption in 2001 only if he complied with the provisions of section 152(e)(2). Petitioner has failed in this regard. It follows, therefore, that the exception set forth in section 152(e)(2) does not apply and that the general rule of section 152(e)(1) does apply. Accordingly, petitioner is not entitled to deduct a dependency exemption for AH for taxable year 2001. Sec. 152(e)(1); Miller v. Commissioner, supra. Respondent's determination on this issue is sustained.

2. Head-of-Household

As previously stated, petitioner filed his 2001 Federal income tax return as a head-of-household, and respondent changed the filing status to single in the notice of deficiency.

Section 1(b) imposes a special income tax rate on an individual filing as head-of-household. Section 2(b) provides the requirements for head-of-household filing status. As relevant here, to qualify as a head of a household a taxpayer

- 9 -

must (a) be unmarried at the end of the taxable year, (b) not be a surviving spouse, and (c) maintain as the taxpayer's home a household that constitutes for more than one-half of the taxable year the principal place of abode of a son or daughter of the taxpayer. Sec. 2(b)(1)(A)(i).

The parties have stipulated that Ms. Peterson had physical custody of AH for more than one-half of the year. It follows, therefore, that petitioner is not entitled to claim head-of-household filing status. We sustain respondent's determination with respect to this issue.

Furthermore, we have considered all of the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.